| | |
|---|---|
| BENJI RAFAEL PACHECO, | No. 2:19-cv-1932-EFB P |
| Plaintiff, | |
| v. | ORDER |
| SCOTT WILLIAMS, et al., | |
| Defendants. | |

UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

Plaintiff, a former county jail inmate, now state prisoner, proceeding without counsel in a civil action, has filed an application to proceed in forma pauperis. ECF No. 2.

<u>Application to Proceed In Forma Pauperis</u>

Plaintiff's application makes the showing required by 28 U.S.C. § 1915(a)(1) and (2). Accordingly, by separate order, the court directs the agency having custody of plaintiff to collect and forward the appropriate monthly payments for the filing fee as set forth in 28 U.S.C. § 1915(b)(1) and (2).

<u>Screening Order</u>

Determining that plaintiff may proceed in forma pauperis does not complete the required inquiry. Pursuant to § 1915(e)(2), the court must dismiss the case at any time if it determines the allegation of poverty is untrue, or if the action is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief against an immune defendant. As discussed below, plaintiff's complaint must be dismissed for lack of jurisdiction.

1

In screening a pro se pleading, the court must accept as true the allegations of the complaint in question, *Hospital Bldg. Co. v. Rex Hosp. Trustees*, 425 U.S. 738, 740 (1976), construe the pleading in the light most favorable to the plaintiff, and resolve all doubts in the plaintiff's favor, *Jenkins v. McKeithen*, 395 U.S. 411, 421 (1969). A pro se plaintiff must satisfy the pleading requirements of Rule 8(a) of the Federal Rules of Civil Procedure. Rule 8(a)(2) requires a complaint to include "a short and plain statement of the claim showing that the pleader is entitled to relief, in order to give the defendant fair notice of what the claim is and the grounds upon which it rests." *Twombly*, 550 U.S. at 555 (citing *Conley v. Gibson*, 355 U.S. 41 (1957)).

The allegations in plaintiff's complaint are limited. Liberally construed, plaintiff alleges that on November 11, 2018, defendant Scott Williams committed a "hit and run" auto accident while driving recklessly into plaintiff's vehicle on a California highway. ECF No. 1 at 3-4. Plaintiff seeks compensatory damages of $500,000. *Id.* at 3.

Plaintiff's complaint fails to set forth a basis for federal jurisdiction. Fed. R. Civ. P. 8(a)(1). First, there is no properly pleaded federal cause of action that would permit federal question jurisdiction over the "hit and run" claim. *See* 28 U.S.C. §§ 1331 ("The district courts shall have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States). Second, the complaint fails to establish diversity of the parties that could support diversity jurisdiction. *See* 28 U.S.C. § 1332; *Bautista v. Pan American World Airlines, Inc.*, 828 F.2d 546, 552 (9th Cir. 1987) (to establish diversity jurisdiction, a plaintiff must specifically allege the diverse citizenship of all parties, and that the matter in controversy exceeds $75,000.). Although plaintiff alleges that the amount in controversy exceeds $75,000, he fails to allege diversity of citizenship between the parties. Plaintiff alleges that Williams' insurance company has a mailing address in Columbus, Ohio. ECF No. 1 at 8. Plaintiff, meanwhile indicates that he currently resides in California but does not allege where either he or Williams is a citizen. Diversity jurisdiction only exists if plaintiff and Williams are *citizens* of different states. 28 U.S.C. § 1332.

Accordingly, plaintiff's complaint must be dismissed. The amended complaint must contain a caption including the names of all defendants. Fed. R. Civ. P. 10(a). Plaintiff may not

change the nature of this suit by alleging new, unrelated claims. *See George,* 507 F.3d at 607. Nor may he bring multiple, unrelated claims against more than one defendant. *Id.*

Any amended complaint should be as concise as possible in fulfilling the above requirements. Fed. R. Civ. P. 8(a). Plaintiff should avoid the inclusion of procedural or factual background which has no bearing on his legal claims.

<u>Conclusion</u>

Accordingly, it is ORDERED that:

1. Plaintiff's application to proceed in forma pauperis (ECF No. 2) is GRANTED;

2. Plaintiff shall pay the statutory filing fee of $350. All payments shall be collected in accordance with the notice to the California Department of Corrections and Rehabilitation filed concurrently herewith;

3. Plaintiff's complaint (ECF No. 1) is dismissed with leave to amend within 30 days of service of this order; and

4. Failure to comply with any part of this this order may result in dismissal of this action.

DATED: April 6, 2020.

EDMUND F. BRENNAN
UNITED STATES MAGISTRATE JUDGE