UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BENJI RAFAEL PACHECO,<br><br>Plaintiff,<br><br>v.<br><br>SCOTT WILLIAMS, et al.,<br><br>Defendants. | No. 2:19-cv-1932-EFB P<br><br><br>ORDER AND FINDINGS AND RECOMMENDATIONS |

Plaintiff is a state prisoner proceeding without counsel in an action against a driver, vehicle owner, and insurance company stemming from a hit and run accident that allegedly injured plaintiff prior to his incarceration. This proceeding was referred to this court by Local Rule 302 pursuant to 28 U.S.C. § 636(b)(1). The court dismissed the complaint with leave to amend on April 7, 2020, because plaintiff had not stated facts that supported the exercise of federal jurisdiction. ECF No. 10. Plaintiff has filed a motion for leave to file an amended complaint, an amended complaint, and a motion to transfer the case to state court. ECF Nos. 13-15.

**I.  Screening Requirement and Standards**

Because plaintiff proceeds in forma pauperis, the court must dismiss the case at any time if it determines the allegation of poverty is untrue, or if the action is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief against an immune defendant. 28 U.S.C. § 1915(e).

1

## II. Screening Order and Related Motions

Plaintiff's motion for leave to amend is unnecessary as plaintiff was granted leave to amend in the initial screening order. Accordingly, the court screens plaintiff's amended complaint and denies the motion for leave to amend as moot.

As with the original complaint, plaintiff's amended complaint fails to state facts supporting the exercise of federal court jurisdiction. In apparent recognition of this fact, plaintiff asks the court to transfer his case to state court. Unfortunately, the court has no authority to transfer a case that was originally filed in federal court (rather than having been removed from state court) but lacks federal jurisdiction to a state court. *Fishman v. Mel Clayton Ford*, No. CV-07-0620-PHX-LOA, 2007 U.S. Dist. LEXIS 35943, at *9-10 (D. Ariz. May 14, 2007) (noting no statutory mechanism for transferring to state court a case filed in federal court but lacking federal jurisdiction). Accordingly, plaintiff's motion to transfer the case must be denied. Because plaintiff has been provided two opportunities to state facts that invoke this court's jurisdiction but has failed to do so, the court will recommend that the case be dismissed without leave to amend (but without prejudice to plaintiff's filing of his claims in an appropriate state court).

## III. Order and Findings and Recommendations

Accordingly, it is hereby ORDERED that:

1. The Clerk of Court shall randomly assign a United State District Judge to this action;
2. Plaintiff's motion for leave to amend (ECF No. 13) is DENIED as moot; and
3. Plaintiff's motion to transfer the case to state court (ECF No. 15) is DENIED.

Further, it is RECOMMENDED that plaintiff's amended complaint (ECF No. 14) be dismissed without leave to amend for lack of federal jurisdiction.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within fourteen days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Failure to file objections

1  within the specified time may waive the right to appeal the District Court's order. *Turner v.*
2  *Duncan*, 158 F.3d 449, 455 (9th Cir. 1998); *Martinez v. Ylst*, 951 F.2d 1153 (9th Cir. 1991).
3  DATED:  July 6, 2020.

EDMUND F. BRENNAN
UNITED STATES MAGISTRATE JUDGE